IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 09-30180-GPM |
| ) | |
| LAVERN HUELSMANN, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**MURPHY, District Judge:**

On August 2, 2010, this Court issued an order for forfeiture against Defendant Lavern Heulsmann, for the following property which had been seized from said Defendant:

1. Real property or any proceeds received from the sale of real property located at 3220 Heavenly Drive, Trenton, Clinton County, Illinois, and all attachments, improvements, and appurtenances thereto, more particularly described as follows:

   Lot 3 in Hidden Acres Estates, being a subdivision of part of the South one-half of Section 3, and part of the Northeast Quarter of Section 10, Township 2 North, Range 5 West of the Third Principal Meridian as the same is shown on a plat thereof in the Office of the Clinton County Recorder in Plat Book H, Page 9; all being situated in the County of Clinton, State of Illinois.

2. $3,993.81 seized from the residence of Defendant.

3. $32,280.17 seized by the United States on October 7, 2009 from Account No. XXXX0511 at Scottrade, Inc.

4. $5,987.73 seized by the United States on October 7, 2009 from Account No. XXXXXX6102 at First Community Bank.

5. One 2007 Taurus Sedan, VIN: 1FAFP56U27A135486, with all accessories, attachments, and components thereon.

6. One Gehl Model 5640 Turbo Bobcat.

7. One John Deere Tractor and Scoop, bearing serial number LV4310H130230.

8. Gold coins consisting of:
    a. One 1881 United States $10.00 Gold coin;
    b. One 1906 United States $5.00 Gold coin;
    c. One 1897 United States $5.00 Gold coin;
    d. One 1881 United States $5.00 Gold coin;
    e. One 1901 United States $5.00 Gold coin;
    f. One 1860 United States $5.00 Gold coin; and
    g. One 1880 United States $5.00 Gold coin.

9. Assorted jewelry consisting of:
    a. One pair of diamond earrings;
    b. One diamond wedding ring containing approximately 2.5 carats;
    c. One diamond tennis bracelet;
    d. One necklace with round circle of diamonds; and
    e. One ring with diamonds in geometric shapes.

With the exception of Item 1 above, consisting of the real estate located at 3220 Heavenly Drive, Trenton, Illinois, or any proceeds from the sale of the real estate, the Court is informed that all of the property has been administratively forfeited by the Internal Revenue Service. The Court therefore does not find it necessary to enter a final forfeiture order at this time against property items 2 through 9 listed above. Should the administrative forfeiture order against any of said items be set aside in the future for any reason, the United States may at that time complete the criminal forfeiture process and move for an appropriate order with this Court.

With respect to Item 1 above, consisting of the real estate located at 3220 Heavenly Drive, Trenton, Illinois, or any proceeds from its sale, the August 2, 2010, preliminary forfeiture order directed the United States to provide an opportunity for persons to claim a legal interest in the property pursuant to 21 U.S.C. § 853(n)(1). Such notice was published by the United States on an official government website, www.forfeiture.gov, for 30 consecutive days beginning December 5,

2010, and ending January 4, 2011. No third party filed a petition within 30 days after the last date of said publication to allege an interest in the property, except for Tempo Bank.

The real estate at 3220 Heavenly Drive, Trenton, Illinois, was sold at interlocutory sale pursuant to the Court's Order of July 30, 2010 (Doc. 38), and the net proceeds from said sale total $369,412.02. Tempo Bank has a valid lien on the proceeds from the sale of the real estate, and said lien was obtained by Tempo Bank as a valid bonafide purchaser for value of said interest and without reasonable cause to believe that the property was subject to forfeiture at the time that Tempo Bank acquired said interest. The Court **finds** that the amount of said lien of Tempo Bank on the proceeds from the sale of the subject-matter real property totals $252,759.31, plus $35.916 per day in interest from December 8, 2010 until paid.

With the exception of the claim of Tempo Bank against the proceeds from the sale of the real estate at 3220 Heavenly Drive, Trenton, Illinois, the Court hereby **finds** that all right, title, and interest in the forfeited property rests in the United States of America, and the Internal Revenue Service is hereby ordered to sell all of said property and to dispose of the proceeds according to law.

The proceeds from the sale of said real estate shall be paid in the priority indicated:

- a. All costs of the forfeiture action and other expenses and costs incurred by the United States in advertising, maintaining, storing, disposing, and transferring the subject-matter real estate;

- b. $252,759.31, plus $35.916 per day in interest from December 8, 2010 until paid, to Tempo Bank through its attorney, David Ulkus;

- c. All remaining proceeds to be distributed by the Internal Revenue Service as forfeited property.

As further detailed herein, the motion to adjudicate interest in property subject to forfeiture filed by Temp Bank (Doc. 51) and the motion for a finding of third-party interests filed by the

United States (Doc. 53) are **GRANTED**.

**IT IS SO ORDERED.**

DATED: 04/19/11

                                                                            s/ *G. Patrick Murphy*
                                                                            G. PATRICK MURPHY
                                                                            United States District Judge